JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.   **CV 11-6279-VBF (JCGx)**                    Dated: **January 3, 2012**

Title:   Danny M. Wells -v- Illinois National Guard, et al.

---

PRESENT:   HONORABLE VALERIE BAKER FAIRBANK, U.S. DISTRICT JUDGE

    Joseph Remigio                              None Present
    Courtroom Deputy                            Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS:    ATTORNEYS PRESENT FOR DEFENDANTS:

None Present                                  None Present

**PROCEEDINGS (IN CHAMBERS):**        **COURT ORDER DISMISSING CASE FOR LACK OF PROSECUTION**


    Plaintiff Danny Wells ("Plaintiff") filed this case on July 29, 2011 against more than thirty defendants.  More than 120 days have passed since the filing of this action, and Plaintiff has not filed a proof of service for any defendants.  *See* Fed. R. Civ. P. 4(m).

    On December 5, 2011, the Court ordered Plaintiff to show cause why this case should not be dismissed for failure to prosecute.  (Docket No. 28).  The Court ordered Plaintiff to respond to the Order to Show Cause by December 27, 2011, and warned Plaintiff that failure to respond may result in dismissal without prejudice.  (*Id.*).  To date, Plaintiff has not responded to the Order to Show Cause.

    It is well-established that a district court has authority to dismiss a plaintiff's action because of his or her failure to prosecute or to comply with court orders.  *See* Fed. R. Civ. P. 41(b); *see also Link v. Wabash Railroad Co.*, 370 U.S. 626, 629-30 (1962) (holding that a court's authority to dismiss for lack of prosecution is necessary to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the district courts); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (holding that a district court may

MINUTES FORM 90                              Initials of Deputy Clerk    jre
CIVIL - GEN

dismiss an action for failure to comply with any order of the court). Dismissal, however, should not be entered unless a plaintiff has been notified that dismissal is imminent. *See West Coast Theater Corp. v. City of Portland*, 897 F.2d 1519, 1523 (9th Cir. 1990).

In determining whether to dismiss a case for failure to prosecute or failure to comply with court orders, a district court should consider five factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *See In re Eisen*, 31 F.3d 1447, 1451 (9th Cir. 1994) (failure to prosecute); *Ferdik*, 963 F.2d at 1260-61 (failure to comply with court orders).

Taking all of the above factors into account, dismissal for failure to prosecute is appropriate.  Accordingly, Plaintiff's action is **DISMISSED** without prejudice for failure to prosecute and failure to comply with a court order.  The Order to Show Cause regarding proof of service on the non-appearance calendar for December 28, 2011 at 8:30 a.m. is **VACATED**.

**IT IS SO ORDERED.**